**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JACQUELYN FULTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 16-2281-CM** |
| **DIAGNOSTIC IMAGING CENTERS, P.A.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Jacqueline Fulton brings this action, claiming that her former employer, defendant Diagnostic Imaging Centers, P.A., discriminated against her, harassed her, and subjected her to a hostile work environment based on her race. Defendant moved to dismiss the complaint for insufficient service of process (Doc. 5). For the following reasons, the court denies defendant's motion, quashes service, and allows plaintiff an additional fourteen days to effect service.

**I.      Background**

On the last day for effecting service of the complaint and summons for this lawsuit, Catherine Morgan went to defendant's office. When she walked in, Brenda Martin was seated at a front desk. Ms. Morgan states that she "announced [her] purpose of serving suit papers." (Doc. 8-1 at 1.) Ms. Morgan held an envelope, which was labeled with the name of Dr. Jennifer Crawley. Dr. Crawley is defendant's registered agent.

Ms. Martin made a phone call. Ms. Martin and Ms. Morgan differ in their representation of what happened at the end of the call. Ms. Morgan says that Ms. Martin said that she could accept the service of the legal documents on behalf of Dr. Crawley. Ms. Martin states that she told Ms. Morgan that the Director of Clinical Operations would be arriving soon, and that "he said he could deliver the

-1-

envelope to Dr. Crawley." (Doc. 6-1 at 1.) There is also disagreement as to whether Ms. Morgan handed the envelope to Ms. Martin, or whether she left the envelope on the desk.

**II.     Analysis**

"Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Federal Rule of Civil Procedure 12(b)(5) allows a court to dismiss a complaint for insufficient service of process. If a defendant challenges service of process, the plaintiff has the burden of proving that service of process was sufficient. *Pope v. Boy Scouts of Am.*, No. 06-2130-KHV, 2006 WL 3199423, at *1 (D. Kan. Nov. 3, 2006). The court may consider affidavits and other documentary evidence, *Slawson v. Hair*, 716 F. Supp. 1373, 1374 (D. Kan. 1989), and the plaintiff is entitled to the benefit of any factual doubt, *Ammon v. Kaplow*, 468 F. Supp. 1304, 1309 (D. Kan. 1979).

Under Federal Rule of Civil Procedure 4(h)(1)(A), a corporation may be served in a manner prescribed by Rule 4(e)(1). Federal Rule of Civil Procedure 4(e)(1) provides that service may be completed by following the state law for serving a summons in the state where the district court is located or where service is made. Kansas law allows a corporation to be served by "(1) [s]erving an officer, manager, partner or a resident, managing or general agent; (2) leaving a copy of the summons and petition or other document at any business office with the person having charge thereof; or (3) serving any agent authorized by appointment or required by law to receive service of process . . . ." Kan. Stat. Ann. § 60-304(e).

Plaintiff claims that she met the requirements for properly effecting service. The court disagrees. There is no evidence that Ms. Martin was a general agent for defendant or had charge of defendant's office. *See Remmers v. Bhd. of Maint. of Way Emps. Div. Unified Sys. Div. of the Int'l Bhd. of Teamsters*, No. 11-4142-JAR, 2012 WL 2449887, at *3 (D. Kan. June 27, 2012) (holding that

a general agent is a person "who is an integral part of a business organization and does not require fresh authorization for each transaction") (citing *Masek Distrib., Inc. v. First State Bank & Trust Co.*, 908 F. Supp. 856, 862 (D. Kan. 1995)). There is some evidence suggesting that Ms. Martin was authorized over the phone to accept service, but that evidence is controverted. In any event, Dr. Crawley—not Ms. Martin—is the appointed agent to receive service of process.

The next question is whether plaintiff substantially complied with the service requirements. Kansas law provides that service may be valid under the doctrine of "substantial compliance" if "notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected." Kan. Stat. Ann. § 60-204. Knowledge of the suit alone, however, is insufficient to establish substantial compliance. *See Taher v. Wichita State Univ.*, No. 06-2132-KHV, 2007 WL 852364, at *3 (D. Kan. Mar. 19, 2007). "Substantial compliance means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Brown v. Menlo Worldwide Expedite*, No. 05-2316-KHV, 2006 WL 1999124, at *4 (D. Kan. July 17, 2006) (citing *Myers v. Bd. of County Comm'rs of Jackson Cnty.*, 127 P.3d 319, 323 (Kan. 2006)).

"When the statute designates a particular recipient for process, courts must enforce that statutory procedure." *Rader v. U.S.D. 259 Wichita Pub. Sch.*, No. 10-4118-KHV, 2011 WL 2144834, at *1 (D. Kan. May 31, 2011) (citing *Oltremari v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)). Allowing plaintiff to serve someone other than those individuals listed in § 60-304 would violate the statutory language and would not substantially comply with Kansas law. *See Myers*, 127 P.3d at 325. But Kansas federal courts have found substantial compliance with the service statute "where plaintiff's process-server served the wrong person after inquiring from defendant who

was the authorized person to receive service, and the improper service resulted directly from defendant's actions." *Brown*, 2006 WL 1999124, at \*5.

The court finds that plaintiff has not shown that she substantially complied with the Kansas service statute.  Although the court resolves doubts in favor of plaintiff, the evidence about what happened on the day Ms. Morgan visited defendant's office is conflicting.  Plaintiff has not overcome this direct conflict to show that the facts of this case are similar to those finding substantial compliance.

Although plaintiff's service was insufficient, it appears that she may be able to cure the deficiencies.  In this situation, a court should generally "quash the service and give the plaintiff an opportunity to re-serve the defendant."  *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983); *see also Rader*, 2011 WL 2144834, at \*2.  An extension of the service time is particularly appropriate when the defendant had notice of the lawsuit and would not be prejudiced by the delay in service.  *Rader*, 2011 WL 2144834, at \*2; *see also Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273–74 (D. Kan. 2004).  In this case, defendant knew of this lawsuit and there is no evidence that the delay in service will prejudice it.  Accordingly, the court grants plaintiff's alternative request to quash service and give plaintiff additional time to serve defendant.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 5) denied.  The court quashes service on defendant and grants plaintiff fourteen (14) days from the date of this order to re-serve defendant under Federal Rule of Civil Procedure 4.

Dated this 17th day of January, 2017, at Kansas City, Kansas.

    s/ Carlos Murguia  
    **CARLOS MURGUIA**  
    **United States District Judge**